UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VICTOR L. MELENDEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRISTOL SUPERIOR COURT., et al., )<br>)<br>Defendants. )<br>)<br>) | Civil Action No.<br>21-11819-WGY |

**ORDER**

**YOUNG, D.J.**

    *Pro se* litigant Victor Melendez, who is incarcerated at the Bristol County Jail and House of Correction, has filed a civil complaint in which he alleges that his private tax records were unlawfully disclosed to two individuals in the course of a "domestic case" to which Melendez was apparently a party. He names as defendants the Bristol Superior Court, the Committee for Public Counsel ("CPCS"), and two private individuals that presumably disclosed Melendez's tax records without his permission. Melendez also filed a motion for leave to proceed *in forma pauperis*. For the reasons set forth below, the Court will dismiss this action without prejudice for lack of subject matter jurisdiction and order that the *in forma pauperis* motion be terminated as moot.

**I.     Subject Matter Jurisdiction**

    Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456

U.S. 694, 702 (1982)).  Federal district courts may exercise jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship[1] and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.

"The existence of subject-matter jurisdiction 'is never presumed.'"  *Id.* (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)).  Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established."  *Id.*  A court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction.  *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

**II.   Melendez's Complaint**

Here, Melendez invokes the Court's federal question jurisdiction.  Compl. at 3.  Melendez identifies the federal laws at issue as follows: "Use of information for income taxes economic stimulus (under 28 U.S.C. s 636(a)(I)(2) (under Rule 4.(1)) 28 U.S.C. 7609."  *Id.*  These statutes, however, do not have any application to this case.  28 U.S.C. § 636 concerns the jurisdiction of magistrate judges in federal district courts.  28 U.S.C. § 7609 concerns the issuance of a third party summons in a tax investigation by the Internal Revenue Service.

Further, the Court cannot discern any federal statute under which Melendez could bring a claim in this court against any of the defendants.  Under 42 U.S.C. § 1983, a litigant may bring a lawsuit against a "person" acting under color of state law who was directly involved in depriving the litigant's rights under federal law.  While claims under § 1983 are common in federal court,

---

[1] In this context, state "citizenship" refers to the state in which a party is domiciled.  It does not refer to the country in which a party has citizenship.

the statute has no applicability to the matter at hand.  The two private individual defendants were not employed by the government, and Melendez does not suggest that their conduct could otherwise be state actors.  CPCS was not acting under color of state law.  A court-appointed attorney "performing a lawyer's traditional functions as counsel" does not act under color of state law.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  In addition, a state is not a "person" within the meaning of § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Because the Bristol Superior Court is an agency of the Commonwealth of Massachusetts, it is likewise not a "person" for purpose of § 1983.  Thus, § 1983 does not provide a basis for federal question subject matter jurisdiction under § 1331.

The plaintiff has not invoked the Court's diversity subject matter jurisdiction under § 1332.  Any effort to do so would be futile.  Where a party seeks to invoke the jurisdiction of a federal district court under § 1332, the parties must be of complete diversity.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Complete diversity does not exist where any defendant and any plaintiff are citizens of the same state.  *See id.*

Here, Melendez represent that he resides in Massachusetts.  He also represents that the two individual defendants are domiciled in Massachusetts, and, he is suing a Massachusetts court and a Massachusetts organization that provides legal services to eligible persons in Massachusetts.  There is no basis for diversity subject matter jurisdiction in this action.

### III.     Conclusion

Accordingly, for the reasons set forth above, the Court orders that this action be DISMISSED without prejudice for lack of subject matter jurisdiction.  The motion for leave to proceed *in forma pauperis* shall be terminated as moot and no filing fee is assessed.

.

**So ordered.**

/s/ William G. Young
William G. Young
United States District Judge

Dated:  April 7, 2022